## John H. Schroeder v. A. B. Clarke et al.

1. APPELLATE COURT PRACTICE—*The Record Must Show the Error.*—Where the record presents no error that can be judicially seen, the judgment must be affirmed.

**Assumpsit,** on a promissory note. Trial in the Circuit Court of Randolph County, on appeal from a justice of the peace; the Hon. GEORGE W. WALL, Judge, presiding. Verdict and judgment for defendants. Error by plaintiffs. Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

### STATEMENT.

For some time prior to March 21, 1895, defendant A. B. Clarke had been, and at that time was, indebted to plaintiff in the sum of $238.52 for saloon supplies, and had applied to plaintiff for employment as a traveling salesman, by which to pay the debt, and had received encouragement to that effect.

On the before named date, plaintiff sent his traveling salesman, a Mr. Hoffman, to make arrangements with Clarke looking toward his employment. Hoffman had an interview with defendants, which terminated with the execution by them of two notes of $119.26 each, to plaintiff, dated March 21, 1895, and due in three and six months respectively, with seven per cent interest, and a parol understanding that A. B. Clarke should be employed by plaintiff, and should have certain territory in which to travel, and that one-half of each month's wages earned by him should be applied on the notes until they were paid.

Soon after giving the notes, Clarke received from plaintiff the following letter:

Schroeder v. Clarke.

" St. Louis, Mo., 3/30/1895.

I agree to pay A. B. Clarke seventy-five dollars ($75) per month, if he sells $2,000 per month, and allow him $4.00 per day for working days, and if he sells more than that amount, I am supposed to pay him more, and if he sells less than that, he is supposed to receive the amount according to his sales, and to hold his salary as part payment on the notes, if he makes success, and to receive prices as I give him.

JOHN H. SCHROEDER."

Clarke immediately entered plaintiff's employ selling goods, and testifies, for a short time did well, but that soon plaintiff sent another salesman into his territory, who took his trade from him; that he was ready and willing at all times to perform his part of the contract, but was prevented from doing so by the acts of plaintiff, and that finally, on November 7th of the same year, he was discharged without his fault, but as to these matters the evidence is conflicting.

This suit was brought on one of the notes, before a justice of the peace, and the case was afterward appealed to the Circuit Court, where a trial was had which resulted in a verdict and judgment in favor of defendants, and the plaintiff brings the case here by writ of error and assigns three errors. " 1st. The court erred in giving each of the instructions for the defendants. 2d. The court erred in refusing to set aside the verdict of the jury. 3d. The court erred in overruling plaintiff's motion for a new trial, and in rendering judgment on the verdict of the jury."

WM. HARTZELL and J. B. SIMPSON, attorneys for plaintiff in error.

A. G. GORDON, attorney for defendants in error.

MR. JUSTICE BIGELOW delivered the opinion of the court.

As to the first assignment of error, it is sufficient to say, that since none of the instructions are abstracted, this court may presume it has been abandoned. This is a more char

itable view to take of the matter, than to suppose counsel for plaintiff in error purposely disregarded Rule 23 of this court.

The second and third assignments of error are practically but one, and challenge only the ruling of the court in overruling plaintiff's motion for a new trial, and on looking into the record, as the motion also is not abstracted, we find the grounds of it to be as follows:

1st. "Because the verdict of the jury is contrary to the evidence." 2d. "Because the verdict of the jury is contrary to the law." 3d. "And for other good and sufficient reasons appearing," etc.

As to the first point of the motion, there was abundant evidence (such as it was, and none of it was objected to) before the jury to warrant them in finding the verdict as they did, and the most that can be said of it in favor of plaintiff's contention is, that it was conflicting, and there was no decided preponderance either way, and hence the court did not err in overruling the motion for the reason given.

As to the second point of the motion, if it means that the verdict is contrary to the law, as given to the jury by the court, we have looked into the instructions sufficiently to be enabled to determine that the point is without foundation.

If it means that there was no evidence before the jury that would legally justify the jury in finding the verdict they did, then the contention is also without foundation as before shown.

As to what "reasons" were urged to the court below on the third point of the motion for a new trial, we have no means of knowing. Possibly it was the admission of parol evidence, as that seems to be the principal point raised here, but plaintiff in error neither objected to the evidence at the time it was given, nor did he ask to have it excluded from the jury. Under such circumstances the record presents no error that can be judicially seen.

The judgment is affirmed.